**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5089**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JORGE  MANZANAREZ,  a/k/a  Fabian  Manzanarez,  a/k/a  Favion
Manzanerez, a/k/a Jose Hernandez-Mansaneras,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:09-cr-00460-DCN-1)

Submitted:  April 28, 2011          Decided:  May 2, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron  J.  Blazer,  Assistant  Federal  Public  Defender,
Charleston,  South  Carolina,  for  Appellant.   Peter  Thomas
Phillips, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Manzanarez appeals his conviction and fifty-seven-month sentence imposed by the district court following a guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2006). Manzanarez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Manzanarez's plea, and whether the sentence is reasonable. Manzanarez was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Because Manzanarez did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Manzanarez] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court fully complied with Rule 11, and that Manzanarez's guilty plea was knowing and voluntary.

We review Manzanarez's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The

2

first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51.). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

Our review of the record leads us to conclude that the district court did not abuse its discretion in sentencing Mazanarez. The district court properly calculated the Guidelines range, considered the parties arguments, made an individualized assessment based on the facts presented, and adequately explained its reasons for the chosen sentence. The district court sentenced Manzanarez within the properly calculated Guidelines range, and Manzanarez has failed to rebut the presumption of reasonableness accorded that sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Manzanarez's conviction and sentence. This court requires that counsel inform Manzanarez in writing of his right to petition the Supreme Court of the United States for further review. If Manzanarez requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manzanarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED